Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel for the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

ALBERT LAU,

                Debtor.

---------------------------------------------------------X

Chapter 7
Case No.: 1-25-43298-ess

## APPLICATION FOR AN ORDER AUTHORIZING THE EXAMINATION AND PRODUCTION OF DOCUMENTS OF MRS. ALBERT LAU PURSUANT TO BANKRUPTCY RULE 2004

**TO:**   **THE HONORABLE ELIZABETH S. STONG**
        **UNITED STATES BANKRUPTCY JUDGE**
        **EASTERN DISTRICT OF NEW YORK**

Richard J. McCord, Esq., the Chapter 7 Trustee (the "Trustee") for the estate of Albert Lau (the "Debtor"), by and through his counsel, Certilman Balin Adler & Hyman, LLP, as and for his application (the "Application") for an Order (i) authorizing Mrs. Albert Lau ("Lau") to appear, produce documents, and be examined upon oral deposition under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing the Trustee to issue one or more Subpoenas to compel the production of documents from Lau, to appear for a deposition, by overnight mail, upon Lau at 3-24 150th Street, Whitestone, New York 11357; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Application is based upon Bankruptcy Rule 2004.

## PROCEDURAL HISTORY

3. On July 10, 2025 (the "Filing Date"), the Debtor filed a petition for relief pursuant to Chapter 7 of the United States Code. The Debtor is Pro-Se.

4. The Debtor's §341A Meeting of Creditors ("341 Meeting") was scheduled for August 13, 2025, at 2:00 p.m. The Debtor failed to appear, and the 341 Meeting was adjourned to September 10, 2025, at 12:00 p.m. The Debtor failed to appear, and the 341 Meeting was adjourned to September 25, 2025, at 11:00 a.m. The Debtor appeared at said 341 Meeting and was examined by the Trustee. The 341 Meeting has been adjourned, for holding date purposes, to November 12, 2025, at 2:30 p.m.

5. The Debtor testified at the 341 Meeting that he needed to amend his bankruptcy schedules to reflect funds that he received from his father's death benefit in the amount of $250,000.00. The Trustee requested documents pertaining to this death benefit and account statements and advised that these funds cannot be withdrawn or disbursed without the approval of the Trustee and an Order of the United States Bankruptcy Court. To date, the Debtor has not amended his schedules to include this asset.

6. Pursuant to Schedule A/B, the Debor is the owner of real property located at 3-24

2

150th Street, Whitestone, New York 11357 (the "Real Property"), valued at $500,000.00 with no secured claim. A review of Schedule D indicates that there is a secured claim on the Real Property held by Abacus Federal Savings Bank ("Abacus") in the amount of $-0-.

7. On August 18, 2025, Abacus filed the Moton to Confirm Termination or Absence of Stay regarding the Real Property ("Motion"), which is returnable on December 30, 2025, at 10:30 a.m. Pursuant to the Abacus Motion, there appears to be a significant amount of equity in the Real Property. The Motion indicates that the secured claim held by Abacus totals $546,300.00 and the Real Property is valued at $1,600,000.00.

8. Although not reflected in the Debtor's schedules, the Trustee has conducted his due diligence and discovered that the Debtor has two unsecured claims, American Express and JPMCB Card.

9. The Trustee has sent several requests to the Debtor requesting documents pertaining to the Real Property, the death benefit, additional financial documents including bank statements and tax returns, and the contact information for his spouse. The Trustee has not received this information.

10. The Trustee would like to conduct an examination of Lau to fully investigate the financial affairs of the Debtor, and to obtain documents, including but not limited to: documents pertaining to the Real Property, documents pertaining to the Debtor's father's death benefit and the funds received by the Debtor, copies of 2023 and 2024 income tax returns, 2024 and 2025 bank account statements for any joint accounts held by Lau and the Debtor, and list of all debts the Debtor has with Lau. Annexed hereto as **"Exhibit A"** is a detailed list of the documents to be requested.

3

## RELIEF REQUESTED

11. In view of the foregoing, the Trustee requests an Order authorizing the examination and the production of documents of Lau, including but not limited to, documents pertaining to the Debtor's father's death benefit and the funds received by the Debtor, copies of 2023 and 2024 income tax returns, 2024 and 2025 bank account statements for any joint accounts held by Lau and the Debtor, and list of all debts the Debtor has with Lau, pursuant to Bankruptcy Rule 2004.

12. In an effort to administer this bankruptcy proceeding, and to complete a thorough investigation of the Debtors' financial affairs, the Trustee believes that it is necessary to examine Lau. As such, it is necessary for the Trustee to immediately examine Lau to properly administer this estate.

13. Bankruptcy Rule 2004 provides "on motion of any party in interest, the court may order the examination of any entity". Fed.R.Bankr.P.2004.

> (b) the examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Consequently, the Trustee respectfully requests that the Court enter the proposed Rule 2004 Order filed herewith.

14. Additionally, the Trustee seeks authorization to serve the Order and a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Lau, to compel the production of documents from Lau pertaining to the Debtor's financial affairs, at 3-24 150th Street, Whitestone, New York 11357. The time to produce the documents requested by, object to, move to quash or otherwise respond to the Subpoena shall be the time established by Rule 45 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 9016.

4

15.     As there are no novel issues of law, it is respectfully requested that the Court waive the requirement of LBR 9013-1(a) that a separate memorandum of law be submitted in connection with this application.

16.     No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that an Order (i) authorizing Lau to appear, produce documents, and be examined upon oral deposition under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing the Trustee to issue one or more Subpoenas to compel the production of documents from Lau, to appear for a deposition, by overnight mail, upon Lau at 3-24 150th Street, Whitestone, New York 11357; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable.

Dated: East Meadow, New York
      October 28, 2025

                                     **CERTILMAN BALIN ADLER & HYMAN, LLP**
                                     Counsel to the Chapter 7 Trustee

                                     By:    /s/ Richard J. McCord
                                           **RICHARD J. MCCORD, ESQ.**
                                           90 Merrick Avenue
                                           East Meadow, New York 11554
                                           Phone: (516) 296-7000

8688603.1