UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

ALBERT LAU,

Chapter 7
Case No. 1-25-43298-ess

Debtor.

------------------------------------------------------------X

**APPLICATION FOR THE RETENTION OF MYC & ASSOCIATES, INC., AS REAL ESTATE BROKER TO THE CHAPTER 7 TRUSTEE, EFFECTIVE OCTOBER 29, 2025**

TO:   THE HONORABLE ELIZABETH S. STONG
      UNITED STATES BANKRUPTCY JUDGE
      EASTERN DISTRICT OF NEW YORK

The Application of Richard J. McCord, as Chapter 7 Trustee of the above-captioned Debtor respectfully represents as follows:

1. On July 10, 2025 (the "Petition Date"), Albert Lau (the "Debtor"), filed a petition for relief pursuant to Chapter 7 of the United States Code (11 U.S.C. §101 *et seq.,* "Bankruptcy Code"). Richard J. McCord was appointed Trustee for the Estate (the "Trustee") and is now qualified and act as such Trustee.

2. The Trustee seeks a Court Order, pursuant to Local Rule 2014-1 of the Local Rules of the Eastern District of New York and Section 327 of the Bankruptcy Code authorizing the retention of MYC & Associates, Inc. ("MYC") as Real Estate Broker to the Trustee, effective October 29, 2025, and believes MYC to be qualified to act as such in connection with concluding and settling the sale of the Debtor's real property located at 3-24 150th Street, Whitestone, New York 11357 (the "Real Property").

3. As can be seen from the Affidavit of Marc Yaverbaum ("Yaverbaum Affidavit"), annexed hereto as **"Exhibit A",** MYC is a disinterested party, as such term is defined in Section 101(14) of the Code, with respect to the Trustee, the Debtor, and his Estate in the matters upon

1

8698430.1

which MYC is to be engaged by the Trustee.

4. MYC is a full-service asset management firm whose principals have been engaged in this field for many years and have dealt with the type of real property involved in this case. MYC is duly licensed to transact business as a real estate broker and Marc Yaverbaum is permitted to represent the firm as such.

5. The Trustee submits that the retention of MYC, as Real Estate Broker, effective October 29, 2025, if approved, would enable the greatest recovery and would be in the best interests of the estate, its creditors, and other parties in interest.

6. The professional services which MYC shall render to the Trustee include marketing and selling the Real Property. MYC agrees to promote and broker the Real Property in its usual way as to obtain the highest possible selling price for the Real Property, (b) MYC shall furnish at the time of the Auction such assistants and other help as may be required to handle the Auction and shall in every way endeavor to sell the Real Property for as high a price as may be obtained, and (c) shall conduct the Auction in accordance with the terms and conditions of sale and/or bidding procedures that are approved by the Bankruptcy Court.

7. MYC will charge the Debtor's estate a broker commission in the amount of six percent (6%) of the gross proceeds realized from the sale of the Real Property ("Commission"). Any Commission, fees, and/or expenses earned or incurred by MYC will only be paid from the Debtor's estate upon the submission of a proper compensation application, upon notice and a hearing, made to the Bankruptcy Court in accordance with applicable bankruptcy law and guidelines and approval thereof by the Bankruptcy Court. In the event the Trustee disposes for value the estate's interest in the Real Property other than through a sale of the Real Property, MYC will not be entitled to any commission but will be entitled to seek reasonable

8698430.1

compensation for actual, necessary services rendered to the estate by MYC ("Fee"). In that regard, MYC will keep detailed time records and receipts in accordance with applicable guidelines.

8. If MYC earns a Fee it will be permitted to seek reimbursement of out of pocket expenses from the Debtor's estate incurred relating to the administration of the Debtor's estate, marketing, advertising and sale of the Real Property, with such amount of the out of pocket expenses to be paid upon the submission of proper application, upon notice and hearing made to the Bankruptcy Court in accordance with applicable bankruptcy law and guidelines and approval thereof by the Bankruptcy Court. If MYC earns a Commission for the sale of the Real Property, it shall not be permitted to seek reimbursement of expenses relating to the marketing and advertising for the Real Property to which a commission was earned. MYC may submit a proper application for the reimbursement from the Debtor's estate of all other expenses relating to the administration of the estate, which shall only be paid upon approval of said application by the Bankruptcy Court.

9. MYC shall be permitted to co-broker the Real Property as they deem appropriate and necessary to maximize the sale price of the Real Property.

10. To the best of Trustee's knowledge, MYC does not have any connection with the Trustee, the Debtor's creditors or any other parties in interest or their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

11. The Trustee seeks to execute on behalf of the Debtor's estate, the Exclusive Right-to-Sell Marketing and Sales Agreement (the "Exclusive Agreement"), which is annexed hereto as **"Exhibit B".**

8698430.1

12. If there is a settlement of any equity in the Real Property, with the Debtor, any creditors of this estate or a third party after MYC is retained by Order of the Court, MYC shall be entitled to seek its customary fees for time spent in connection with the sale of the Properties and administration of the Debtor's estate plus reimbursement of all expenses incurred in connection with MYC's work for the Trustee. Any request for fees and expenses will only be paid upon the submission of a proper application, and approval thereof, made to the Bankruptcy Court.

**WHEREFORE**, the Trustee respectfully prays for an Order of this Court authorizing (i) the Trustee to retain MYC & Associates, Inc., effective October 29, 2025, to act as his Real Estate Broker in connection with the sale of the Debtor's real property located at 3-24 150th Street, Whitestone, New York 11357; and (ii) together with such other and further relief as to this Court may seem just and proper.

Dated: East Meadow, New York
      November 3, 2025

/s/ Richard J. McCord
**RICHARD J. MCCORD, ESQ.**
Chapter 7 Trustee for the Estate of
Albert Lau
90 Merrick Avenue
East Meadow, New York 11554
(516) 296-7000

8698430.1