UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

ALBERT LAU,                                          Chapter 7
                                                     Case No. 1-25-43298-ess


                         Debtor.
-------------------------------------------------------------X

## ORDER AUTHORIZING THE RETENTION OF MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER TO THE CHAPTER 7 TRUSTEE EFFECTIVE <u>OCTOBER 29, 2025</u>

Upon the Application [ECF No. 29] dated November 3rd, 2025, (the "Application") of Richard J. McCord, as Chapter 7 Trustee (the "Trustee") for the Estate of Albert Lau (the "Debtor") for an Order of the Court authorizing the Trustee to retain MYC & Associates, Inc. ("MYC"), as Real Estate Broker to the Trustee, and upon the Affidavit of Marc P. Yaverbaum of MYC, sworn to on October 29, 2025 (the "Affidavit"); and it satisfactorily appearing to the Court that MYC represents no interest adverse to the Estate of the Debtor in the matter upon which MYC is to be engaged and is a disinterested person within the meaning of Section 327(a) and 101 (14) of the Bankruptcy Code; it is therefore

**ORDERED**, that pursuant to 11 U.S.C. §327(a), the Trustee shall be and is hereby authorized to employ MYC as Real Estate Broker to the Trustee, effective on October 29, 2025, on the terms set forth in the Application and the Affidavit, with respect the Debtor's real property located at 3-24 150th Street, Whitestone, New York 11357 (the "Real Property"); and it is further

**ORDERED**, that MYC may place the listing for the Real Property on the "Multiple Listing Service" (the "MLS"); and it is further

**ORDERED,** that MYC is granted a commission of six percent (6%) of the gross selling price of the Real Property; and it is further

**ORDERED**, that in the event that there is a settlement with the Debtor, any creditors of this estate or a third party with respect to the Real Property's equity, then MYC shall be entitled to seek its customary hourly fees for the time spent in connection with the sale of the Real Property and administration of the Debtor's estate together with out-of-pocket expenses incurred relating

1

to the administration of the Debtor's estate, marketing, advertising and sale of the Real Property; and it is further

**ORDERED**, that all of MYC's requests for compensation, fees and/or expenses are subject to review for reasonableness pursuant to section 330 of the Bankruptcy Code, upon the proper application before this Court and upon notice and a hearing; and it is further

**ORDERED,** that, if MYC were to use a co-broker in the sale or marketing of the Real Property, any split of any of MYC's fees or commissions with any co-broker shall be disclosed in MYC's own professional fee application; and it is further

**ORDERED**, that any sale of the Real Property shall be subject to the Trustee's written consent and subject to approval of this Court upon proper application; and it is further

**ORDERED**, that upon the sale of the Real Property, the gross proceeds shall be immediately turned over to the Trustee; and it is further

**ORDERED,** that the terms of the retention of MYC may not be amended without the approval of the Court; and it is further

**ORDERED**, that the Trustee be, and hereby is, authorized to do such things, execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of this Order; and it is further

**ORDERED**, that the Trustee is authorized to execute and enter into the Amended Exclusive Right-to-Sell Marketing and Sales Agreement with MYC on behalf of the Debtor's estate; and it is further

**ORDERED,** that every ninety (90) days following the date of this Order, MYC shall report to the Chapter 7 Trustee and the Office of the United States Trustee, by letter, as to the status of the pending sale of the Real Property; and it is further

**ORDERED**, that to the extent the Application, the Affidavit, the Amended Exclusive Right-To-Sell Marketing and Sales Agreement attached to the Application are inconsistent with this Order, the terms of this Order shall govern; and it is further

8698433.1

**ORDERED**, that the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: Brooklyn, New York
      November __, 2025

                _____
                HONORABLE ELIZABETH S. STONG
                UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION
UNITED STATES TRUSTEE

By: _____

8698433.1