UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK        X
IN RE:

CH. 7

Albert Lau,                                Case No. 25-43298-ess

        Debtor.

_____X

**DEBTOR'S OPPOSITION TO TRUSTEE'S RULE 2004 MOTION AND DEBTOR'S REQUEST FOR ENTRY OF ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. §§ 109(h) and 521(i)**

Albert Lau (the "Debtor") by and through his attorney, Charles A. Higgs of The Law Office of Charles A. Higgs, submits the following Memorandum of Law in Opposition to the Trustee's Motion for Entry of an Order pursuant to Fed. R. Bankr. P. 2004. The Debtor also asks that the Court enter an Order confirming statutory dismissal pursuant to Sections 109(h) and 521(i) of the Bankruptcy Code.

## PRELIMINARY STATEMENT

This matter presents a threshold statutory issue. It is undisputed that the Debtor did not complete the pre-petition credit counseling required by 11 U.S.C. § 109(h). Although the Court granted a temporary extension of time, the Debtor never satisfied the statutory requirement and never filed a certificate of credit counseling. Section 109(h) provides that an individual "may not be a debtor" unless he or she has received approved credit counseling within 180 days prior to filing. While the filing of a petition by an ineligible debtor commences a case and triggers the automatic stay, the Second Circuit further held that compliance with § 109(h) is an essential statutory element that must be established to sustain the proceeding. *See*, *In re Zarnel*, 619 F.3d 156 (2d Cir. 2010) Here, that statutory element was never satisfied. Under the plain language of § 109(h), and consistent

with this Court's textual approach to § 109 eligibility in *In re West, EDNY Bankr. Case No.* 24-44469-ess, (Bankr. E.D.N.Y. Jan. 7, 2026), dismissal is required. Because the case cannot be sustained, the Trustee's Rule 2004 motion cannot proceed.

## PROCEDURAL BACKGROUND

1. The Debtor commenced this case by filing a voluntary petition under Chapter 7 on July 10, 2025

2. The petition was not accompanied by a certificate of credit counseling.

3. The Court entered an order granting a temporary exemption under § 109(h)(3).

4. The Debtor did not complete credit counseling by the extended deadline.

5. No certificate of credit counseling has ever been filed.

6. The Chapter 7 Trustee now seeks relief under Rule 2004.

7. There is no dispute that the Debtor never completed pre-petition credit counseling and never satisfied § 109(h).

## ARGUMENT

### I. UNDER ZARNEL, A CASE COMMENCES UPON FILING, BUT ELIGIBILITY UNDER § 109(h) MUST BE ESTABLISHED TO MAINTAIN THE CASE

The controlling Second Circuit authority is *In re Zarnel*, 619 F.3d 156 (2d Cir. 2010) Zarnel addressed the precise statutory interplay between Sections 301 and 109(h) of the Bankruptcy Code.The Second Circuit held that while a petition filed by an ineligible debtor commences a case, the restrictions and requirements of Sections 301 and 109(h)  must be established to sustain a voluntary bankruptcy proceeding. That is while commencement occurs upon filing, eligibility

must be satisfied in order to maintain the proceeding. This case presents the exact scenario contemplated in Zarnel:

- A case was commenced.
- The stay arose.
- But the statutory eligibility element was never satisfied.

The case should therefore be dismissed.

## II. SECTION 109(h) IS A MANDATORY STATUTORY REQUIREMENT

Section 109(h)(1) provides:

"an individual may not be a debtor" unless such individual has received credit counseling during the 180-day period preceding the filing of the petition. 11 U.S.C. § 109(h)(1). The statutory language is mandatory. It does not confer discretion. It does not permit indefinite noncompliance. Congress created narrow exceptions in § 109(h)(2)-(4). Those exceptions are exclusive. Here:

- The Debtor did not complete pre-petition counseling.
- The Debtor did not qualify for a permanent exemption.
- The Court granted only a temporary extension.
- The Debtor did not comply within that extension.
- No certificate has ever been filed.

This is not a case involving a mere filing defect. The Debtor never satisfied the substantive statutory requirement.

**III. THIS COURT'S RECENT DECISION IN IN RE: WEST CONFIRMS THAT § 109 ELIGIBILITY REQUIREMENTS ARE DETERMINED BY THE PLAIN STATUTORY TEXT**

In *In re West* (Bankr. E.D.N.Y. Jan. 7, 2026), this Court analyzed eligibility under § 109 by beginning with the statutory language and applying it according to its plain meaning.

Although *West* addressed § 109(g), the analytical framework is identical:

- Eligibility is determined by statute.

- Courts do not rewrite the statute.

- "May not be a debtor" is mandatory language.

The same textual approach applies here.

Section 109(h) states that an individual "may not be a debtor" absent counseling. The Debtor did not receive counseling. Therefore, the Debtor was not eligible and the case should be dismissed.

**IV. SECTION 109(h) CANNOT BE WAIVED OR CREATED BY ACQUIESCENCE**

Eligibility under § 109(h) is statutory. It cannot be created by:

- Silence,

- Delay,

- Litigation posture,

- Or perceived lack of prejudice.

Zarnel makes clear that § 109(h) is an element necessary to sustain the case. An essential statutory element cannot be supplied retroactively through waiver. The Bankruptcy Code

contains no mechanism for indefinite noncompliance. The only authorized relief is the temporary exemption under § 109(h)(3), which expired here without compliance.

## V. DISMISSAL IS REQUIRED WHERE § 109(h) IS NEVER SATISFIED

Zarnel rejected the theory that no case exists if § 109(h) is violated, but it did not authorize courts to ignore the statutory requirement. Once it is established that the Debtor never satisfied § 109(h), the case cannot be sustained. Courts within this Circuit have regularly held that dismissal is the appropriate remedy where the debtor never completes required credit counseling.

Allowing the case to proceed would:

- Contradict the plain language of § 109(h),
- Undermine the statutory eligibility framework,
- Expand the Court's equitable authority beyond what Congress authorized.

## VI. DISMISSAL IS REQUIRED PURSUANT TO SECTION 521 OF THE BANKRUPTCY CODE

On August 6, 2025, the Court issued a final notice of Section 521 deficiencies [ECF Docket # 18]. There is nothing that reflects that the 521 deficiencies were ever cured and so the case. As a result, dismissal should be deemed to have occurred automatically by operation of Section 521(i)(1) of the Bankruptcy Code. It is submitted that dismissal under Section 521(i)(1) is both mandatory and self-executing and requires dismissal of this case.

## VII. THE TRUSTEE'S RULE 2004 MOTION CANNOT PROCEED IN A CASE THAT CANNOT BE MAINTAINED

Rule 2004 is a tool of case administration. If the case must be dismissed because the Debtor was never eligible under § 109(h) and for non-compliance with the Section 521 requirements, there is no statutory basis for continued administration or discovery. Accordingly, the Trustee's motion should be denied as moot or premature in light of the mandatory dismissal required by statute.

## VIII. CONTINUING TO ADMINISTER THE ESTATE DOES NOT PROVIDE A BENEFIT TO CREDITORS

Here, it appears that the only creditor is the secured mortgage creditor and thus administration of the estate and any liquidation of assets will not benefit the creditors of the estate. The mortgage creditor is at the foreclosure sale stage in the pending foreclosure action and therefore they already have an available avenue to liquidate the property and recover on their mortgage claim. As one bankruptcy court has observed, "[a] chapter 7 trustee is a fiduciary of the estate whose principal duty is to administer estate property so as to maximize distribution to unsecured creditors, whether priority or general unsecured." *In re All Island Truck Leasing Corp.*, 546 B.R. 522, 532 (Bankr. E.D.N.Y. 2016) (collecting cases), however, here it appears that there are no unsecured creditors to which distribution could be made.

## CONCLUSION

For these reasons above, the Court should:

1.  Deny the Trustee's Rule 2004 Motion;
2.  Enter an order dismissing the case pursuant to 11 U.S.C. § 109(h) and/or 521(i)(1); and

Grant such other and further relief as the Court deems just and proper.

Dated: February 24, 2026

<div style="margin-left:40%;">

/s/ Charles A. Higgs
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
Attorneys for the Debtor
100 S. Bedford Rd., Ste 340
Mt. Kisco, NY 10549
(917) 673-3768
Charles@FreshStartESQ.com

</div>