UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

ALBERT LAU,

        Debtor.

------------------------------------------------------ x

Chapter 7

Case No: 25-43298-ess

**APPLICATION IN SUPPORT FOR AN ORDER (I) DIRECTING THE DEBTOR AND MICHELLE ADDEO A/K/A MICHELLE LAU TO COOPERATE WITH THE TRUSTEE AND ALLOW ACCESS TO THE DEBTOR'S REAL PROPERTY LOCATED AT 3-24 150TH STREET, WHITESTONE, NEW YORK 11357; (II) COOPERATE WITH THE TRUSTEE IN THE MARKETING AND SALE OF SAME; AND (IV) <u>SHORTENING TIME FOR NOTICE</u>**

      **RICHARD J. McCORD**, the undersigned, an attorney duly licensed to practice law in the Courts of the State of New York and admitted in the Eastern District of New York, hereby affirms the following under penalty of perjury:

      1.      I am the Chapter 7 Trustee for the estate of Albert Lau (the "Debtor") having been duly appointed on or about July 10, 2025, and as such I am fully familiar with the facts and circumstances set forth herein.

      2.      I submit this affirmation in support of my request for an Order (i) directing the Debtor, Michelle Addeo a/k/a Michelle Lau ("Addeo"), and any party residing at 3-24 150th Street, Whitestone, New York 11357 (the "Whitestone Property") to cooperate with the Trustee pursuant to 11 U.S.C. §§ 521(a)(3), 541, 542(a) and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and allow the Trustee and his representatives, MYC & Associates, Inc., immediate access to the Whitestone Property; (iii) cooperate with the Trustee in the marketing and sale of the Whitestone Property; (iv) approving shortened notice for the requested relief pursuant to Section 105 of the Bankruptcy Code and

1

Bankruptcy Rule 9006(c)(1); and (v) for such other, further and different relief as this Court deems just, proper and equitable.

3.      That the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §157, 11 U.S.C. §§105, 521, 541, 542 and 105; Bankruptcy Rules 9006 and 9014.

## BACKGROUND FACTS

4.      On July 10, 2025 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York. The Debtor's Chapter 7 case was filed Pro-Se.

5.      The Debtor appeared and was examined at the §341A Meeting of Creditors on September 10, 2025, at 12:00 p.m.

6.      Schedule A/B of the Voluntary Petition reflects that the Debtor is the owner of the Whitestone Property, which is listed as having a value of $500,000.00. Annexed hereto as **Exhibit A** is a copy of Schedule A/B.

7.      Schedule D of the Voluntary Petition reflects that there is a secured claim held by Abacus Federal Savings Bank ("Abacus") on the Whitestone Property, however, the schedule does not reflect the amount due and owing ("Secured Creditor"). Annexed hereto as **Exhibit B** is a copy of Schedule D.

8.      On August 18, 2025, Abacus filed a Motion to Confirm Termination or Absence of Stay regarding 3-24 150th Street, Whitestone, New York 11357 (Dkt No. 17) (the "Stay Motion"). Pursuant to the Stay Motion, as of July 10, 2025, Abacus was owed the sum of $543,300.19 and valued the Whitestone Property to be $1,600,000.00. At the request of the Trustee, Abacus has adjourned the Stay Motion from time to time, and the Motion is currently scheduled for hearing on March 31, 2026, at 10:30 a.m.

8792225.1

9. Pursuant to Court Order dated November 6, 2025, MYC & Associates Inc. ("MYC") was retained as Real Estate Broker to the Trustee to sell the Whitestone Property.

10. On October 29, 2025, the Trustee filed the Notice of Presentment and Application in Support for an Order authorizing Examination and Production of Documents of Mrs. Albert Lau (ECF No. 27) ("Estranged Wife 2004 Application"). The Estranged Wife 2004 Application requested, amongst other things, to produce documents pertaining to her joint debt with the Debtor. On December 3, 2025, the Court issued an Order scheduling a hearing on the Estranged Wife 2004 Application and requesting that the Trustee supplement the Application and clarify the full legal name of the party that was subject to the Application. The Court scheduled the hearing for December 30, 2025, at 10:30 a.m. The hearing was then adjourned to February 24, 2026, at 10:30 a.m.

11. The Trustee spoke telephonically with the Debtor on February 10, 2026 advising of the sale of the Whitestone Property. The Debtor provided the Trustee with Addeo's name and advised that he did not reside at the Whitestone Property, but Addeo did. By correspondence to Addeo dated February 10, 2026, the Trustee requested numerous documents, which was sent via Federal Express, and delivery confirmation was received. Annexed hereto as **Exhibit C** is a copy of said correspondence and Federal Express delivery tracking confirmation.

12. On February 24, 2026, the day of the hearing on the Estranged Wife 2004 Application, the Debtor, by and through his counsel, Charles A. Higgs, Esq. of the Law Office of Charles A. Higgs, filed the Debtor's Opposition to the Trustee's Rule 2004 Motion and Debtor's Request for Entry of Order Dismissing Case Pursuant to 11 U.S.C. §§109(h) and 521(i) (Dkt. No. 39)(the "Opposition"). The hearing was held and adjourned to March 31, 2026, at 10:30 a.m.

8792225.1

13. On March 2, 2026, the Trustee filed a Supplemental Affirmation in Support of the Estranged Wife 2004 Application clarifying the name of Addeo (ECF No. 40) ("Supplemental"). The Trustee served a copy of this Supplemental upon Addeo, and a copy of the Supplemental and Affidavit of Service are annexed hereto as **Exhibit D.**

14. MYC contacted Addeo who initially provided MYC with access to the Whitestone Property to inspect and take professional photos for the marketing of the Whitestone Property.

15. MYC marketed the Whitestone Property and has received an offer to purchase, which the Trustee has accepted. The proposed purchaser would like to inspect the Whitestone Property, and MYC contacted Addeo for access.

16. MYC has advised that Addeo was no longer cooperating and would not provide access to the Whitestone Property. On March 4, 2026, the Trustee sent correspondence to Addeo, via Federal Express, advising that the Whitestone Property was property of the bankruptcy estate and requesting that she cooperate with MYC with the marketing and sale of the Whitestone Property. Annexed hereto as **Exhibit E** is a copy of said correspondence and proof of delivery from Federal Express.

17. On March 9, 2026, MYC communicated with Addeo who advised that MYC should speak with the Debtor's attorney, and she would no longer communicate with MYC. Annexed hereto as **Exhibit F** is a copy of the text message exchange between MYC and Addeo.

18. It should be noted that Opposition was filed on behalf of the Debtor, not Addeo, and a review of the docket on March 10, 2026 in the Debtor's bankruptcy case does not reflect that a Notice of Appearance has been filed on behalf of Addeo. Annexed hereto as **Exhibit G** is a copy of the Pacer docket.

8792225.1

19.        Pursuant to 11 U.S.C. §541, the Debtor's interest in the Whitestone Property becomes property of the bankruptcy estate. It is imperative that the Trustee be able to obtain immediate access to the Whitestone Property to show the premises to potential purchasers, as the sale will be subject to higher and better offers, and obtain cooperation from the Debtor and Addeo, and all parties in the marketing and sale of the Whitestone Property. If access to the Whitestone Property is granted, the offers to purchase the Whitestone Property will be substantially higher.

20.        As there appears to be a significant amount of equity in the Whitestone Property based upon the value and secured debt of Abacus, the Trustee is requesting cooperation from the Debtor, Addeo and any party residing at the Whitestone Property to allow access to the Whitestone Property and cooperation in connection with the marketing and sale of the Whitestone Property.

21.        The Trustee and MYC must gain immediate access to the Whitestone Property to show to the potential purchaser, who will be the stalking horse, and any potential parties thereafter, as the sale of the Whitestone Property will be subject to higher and better offers.

**BASIS FOR RELIEF**

22.        Section 521(a)(3) of the Bankruptcy Code provides "the debtor shall.. if a trustee is serving in a case or an auditor is serving under section 586(f) of title 28, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title". 11 U.S.C. §521(a)(3).

23.        Section 541(a)(1) of the Bankruptcy Code provides "the commencement of a case under section 301, 302, or 303 of this title created an estate. Such estate is comprised of all of the following property, wherever located and by whomever held... (1) except as provided

8792225.1

in subsections (b) and (c)(2) of this section, all legal and equitable interest of the debtor in property as of the commencement of the case. 11 U.S.C. §541(a)(1).

24. Section 542(a) of the Bankruptcy Code provides "an entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property of the value of such property, unless such property is of inconsequential value or benefit to the estate". 11 U.S.C. §542(a).

25. Clearly, the Debtor, Addeo and all parties residing at the Whitestone Property have a duty under the Bankruptcy Code to immediately allow the Trustee access to the Whitestone Property and cooperate with the Trustee in the marketing and sale as said real property is property of the bankruptcy estate.

26. The failure to comply with the Trustee's demands to allow access to the Whitestone Property and cooperate with the Trustee in the marketing and the sale is in clear violation of the Bankruptcy Code.

**SHORTENED NOTICE IS SUFFICENT**

27. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced. Fed.R.Bankr.P.9006(c)(1).

28. The Trustee submits that the notice is reasonable and constitutes good and sufficient notice. The shortened notice is requested as time is of the essence for the Trustee to sell the Whitestone Property, the Trustee does not want to lose any of these potential purchasers and the Stay Relief Motion by Abacus is pending and scheduled for hearing on March 31, 2026, at 10:30 a.m.

8792225.1

29.     By virtue of the foregoing, it is respectfully requested that an Order be entered directing the Debtor, Addeo, and all parties residing at the Whitestone Property to allow the Trustee and his representatives access to the Whitestone Property and cooperate with the Trustee in the marketing and the sale of the Whitestone Property.

30.     As the issues raised herein are neither novel nor difficult, the Trustee requests that the Local Rule 9013-a requiring a memorandum of law be submitted in connection herewith be waived at this time.

**WHEREFORE**, in view of the foregoing, it is respectfully requested that an Order be entered (i) directing the Debtor, Michelle Addeo a/k/a Michelle Lau ("Addeo"), and any party residing at 3-24 150th Street, Whitestone, New York 11357 (the "Whitestone Property") to cooperate with the Trustee pursuant to 11 U.S.C. §§ 521(a)(3), 541, 542(a) and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and allow the Trustee and his representatives, MYC & Associates, Inc., immediate access to the Whitestone Property; (iii) cooperate with the Trustee in the marketing and sale of the Whitestone Property; (iv) approving shortened notice for the requested relief pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9006(c)(1); and (v) for such other, further and different relief as this Court deems just, proper and equitable.

Dated: East Meadow, New York
          March 10, 2026

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Counsel to the Chapter 7 Trustee

By:   /s/ Richard J. McCord
          **RICHARD J. MCCORD, ESQ.**
          90 Merrick Avenue
          East Meadow, New York 11554
          (516) 296-7000

8792225.1