UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

ALBERT LAU,

Chapter 7
Case No.: 25-43298-ess

Debtor.
-------------------------------------------------------------X

**DECLARATION UNDER LBR 9077-1 IN SUPPORT OF MOTION FOR AN ORDER SCHEDULING HEARING ON SHORTENED NOTICE TO CONSIDER THE TRUSTEE'S APPLICATION FOR AN ORDER (I) DIRECTING THE DEBTOR AND MICHELLE ADDEO A/K/A MICHELLE LAU TO COOPERATE WITH THE TRUSTEE AND ALLOW ACCESS TO THE DEBTOR'S REAL PROPERTY LOCATED AT 3-24 150TH STREET, WHITESTONE, NEW YORK 11357; (II) COOPERATE WITH THE TRUSTEE IN THE MARKETING AND SALE OF SAME; AND (IV) <u>SHORTENING TIME FOR NOTICE</u>**

Richard J. McCord, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.        I am a member of Certilman Balin Adler & Hyman, LLP, attorneys for Richard J. McCord, Esq., the Chapter 7 Trustee of the above-captioned debtor (the "Debtor") and submit this declaration pursuant to Local Bankruptcy Rule 9077-1(c) in support of the Trustee's request that the Court schedule a hearing on shortened notice (the "Hearing") to consider the Trustee's application (the "Application") seeking the entry of an Order (i) directing the Debtor, Michelle Addeo a/k/a Michelle Lau ("Addeo"), and any party residing at 3-24 150th Street, Whitestone, New York 11357 (the "Whitestone Property") to cooperate with the Trustee pursuant to 11 U.S.C. §§ 521(a)(3), 541, 542(a) and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and allow the Trustee and his representatives, MYC & Associates, Inc., immediate access to the Whitestone Property; (iii) cooperate with the Trustee in the marketing and sale of the Whitestone Property; (iv) approving shortened notice for the requested relief pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9006(c)(1); and (v) for such other,

1

further and different relief as this Court deems just, proper and equitable.

2. I was appointed the Chapter 7 Trustee of the Estate of Albert Lau (the "Debtor's Estate") on July 10, 2025. At the time of that appointment, the Debtor was the owner of real property located at 3-24 150th Street, Whitestone, New York 11357 (the "Whitestone Property").

3. As Trustee, I contacted MYC & Associates, Inc. ("MYC") to conduct an inspection and evaluation of the Whitestone Property.

4. As there appears to be a significant amount of non-exempt equity in the Whitestone Property, I retained MYC as Real Estate Broker to the Trustee pursuant to Cour Order dated November 6, 2025.

5. I have been advised by MYC, and the Debtor has confirmed, that he does not reside at the Whitestone Property and Addeo, the estranged wife of the Debtor, resides at the Whitestone Property.

6. Addeo has conveyed to MYC that she will no longer grant access to the Whitestone Property and directed MYC to contact Debtor's counsel, Charles Higgs, Esq. ("Higgs"). Higgs has not filed a Notice of Appearance on behalf of Addeo.

7. MYC has received an offer to purchase the Whitestone Property, which the Trustee has accepted. The proposed purchaser has advised that they have received interest from several parties in purchasing the Whitestone Property, however, they have not made any offer, and will not make any substantial offers until they have access to the premises.

8. If access to the premises is granted, the offers to purchase the Whitestone Property will be substantially higher.

9. There is a secured claim on the Whitestone Property held by Abacus Federal Savings Bank ("Abacus"), which filed a Motion to Confirm Termination or Absence of Stay

2

regarding the Whitestone Property, which at my request, has been adjourned several times, and is currently scheduled for hearing on March 31, 2026 at 10:30 a.m. to allow an opportunity for the Whitestone Property to be sold.

10. If the Court signs the proposed order scheduling hearing, the Trustee will serve promptly notice of the Hearing, by overnight carrier on (i) Office of the United States Trustee, Eastern District of New York; (ii) Counsel for the Debtor (iii) the Debtor (iv) Addeo; (v) any other parties residing at the Whitestone Property; and (vi) all parties having filed notices of appearance in this case as of the day immediately preceding the date of the Motion. The Trustee requests that the Court permit objections to be raised at the Hearing. I believe that, under the circumstances, shortened notice is reasonable.

11. For all of the above reasons, I respectfully submit that cause exists to shorten notice of the hearing to approve the Motion. I declare under penalty of perjury that the foregoing is true and correct.

Executed in East Meadow, New York on March 10, 2026.

/s/ Richard J. McCord
Richard J. McCord, Chapter 7 Trustee

8792220.1