UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:                                                                Chapter 7

ALBERT LAU,
                                                                      Case No. 25-43298-ess

        Debtor.
-------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT FOR AN ORDER DIRECTING ALBERT LAU TO COOPERATE WITH THE TRUSTEE, COMPLY WITH THE SUBPOENA FOR RULE 2004 EXAMINATION, TURNOVER DOCUMENTS, <u>AND APPEAR FOR AN EXAMINATION</u>**

**RICHARD J. McCORD**, the undersigned, an attorney duly licensed to practice law in the Courts of the State of New York and admitted in the Eastern District of New York, hereby affirms the following under penalty of perjury:

1.      I am the Chapter 7 Trustee for the estate of Albert Lau, (the "Debtor") having been duly appointed on or about July 10, 2025, and as such, I am fully familiar with the facts and circumstances set forth herein.

2.      I submit this affirmation in support of my request for an Order (i) directing the Debtor to cooperate with the Trustee, comply with the Subpoena Pursuant to Rule 2004 Examination dated December 29, 2025 and served on December 29, 2025, and Order Authorizing Examination and Production of Documents of the Debtor Pursuant to Bankruptcy Rule 2004 entered on November 18, 2025, turnover the documents requested therein and appear for an examination, pursuant to 11 U.S.C. §§105, 521, 541, and Rule 4002 and 9016 of the Federal Rules of Bankruptcy; and (ii) for such, other further and related relief as the Court deems just, proper and equitable.

3.      That the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §157, 11

1

U.S.C. §§105, 521, 541, and Bankruptcy Rules 4002 and 9016.

## **BACKGROUND FACTS**

4.      On July 10, 2025 (the "Filing Date"), the Debtor filed a petition for relief pursuant to Chapter 7 of the United States Code. The Debtor is Pro-Se.

5.      The Debtor's §341A Meeting of Creditors ("341 Meeting") was scheduled for August 13, 2025, at 2:00 p.m. The Debtor failed to appear, and the 341 Meeting was adjourned to September 10, 2025, at 12:00 p.m. The Debtor failed to appear, and the 341 Meeting was adjourned to September 25, 2025, at 11:00 a.m. The Debtor appeared at said 341 Meeting and was examined by the Trustee. The 341 Meeting has been adjourned, for holding date purposes, to May 13, 2026, at 2:30 p.m.

6.      The Debtor testified at the 341 Meeting of Creditors that he needed to amend his bankruptcy schedules to reflect funds that he received from his father's death benefit in the amount of $250,000.00. The Trustee requested documents pertaining to this death benefit and account statements and advised that these funds cannot be withdrawn or disbursed without the approval of the Trustee and an Order of the United States Bankruptcy Court. To date, the Debtor has not amended his schedules to include this asset.

7.      Pursuant to Schedule A/B, the Debor is the owner of real property located at 3-24 150th Street, Whitestone, New York 11357 (the "Real Property"), valued at $500,000.00 with no secured claim. A review of Schedule D indicates that there is a secured claim on the Real Property held by Abacus Federal Savings Bank ("Abacus") in the amount of $-0-.

8.      On August 18, 2025, Abacus filed the Moton to Confirm Termination or Absence of Stay regarding the Real Property ("Motion"). The Motion indicates that the secured claim held

8823235.1

by Abacus totals $546,300.00 and the Real Property is valued at $1,600,000.00. At the Trustee's request, the Motion was adjourned several times to allow the Trustee an opportunity to sell the Real Property and obtain the information requested from the Debtor and the Debtor's estranged spouse. The hearing on the Motion was held on March 31, 2026, and on April 7, 2026, the Order Confirming that the Automatic Stay is Modified (Dkt No. 46).

9. Although not reflected in the Debtor's schedules, the Trustee has conducted his due diligence and discovered that the Debtor has two unsecured claims, American Express and JPMCB Card.

10. Despite having sent several requests, the Debtor failed to provide the Trustee with the documents pertaining to the Real Property, the death benefit and additional financial documents. On October 14, 2025, the Trustee filed the *Notice of Presentment and Application in Support for an Order Authorizing Examination and Production of Documents of the Debtor Pursuant to Bankruptcy Rule 2004* (Dkt. No. 23)(the "2004 Application"). There were no objections filed to the 2004 Application, and on November 18, 2025, the Order Authorizing Examination and Production of documents of the Debtor Pursuant to Bankruptcy Rule 2004 )Dkt. No. 32)(the "2004 Order") was entered. Annexed hereto as **"Exhibit A"** is a copy of the 2004 Order.

11. On December 29, 2025, the Trustee issued a Subpoena for Rule 2004 Examination ("Subpoena") upon the Debtor. Pursuant to the Subpoena, documents were to be produced by January 16, 2026, and the examination was scheduled for January 23, 2026 at 11:00 a.m. Annexed hereto as **"Exhibit B"** is a copy of the Subpoena.

12. On December 29, 2025, the Subpoena was served via Federal Express at the Real Property, the address listed in the Debtor's schedules as being his principal residence, and was

3

delivered on December 30, 2025. Annexed hereto as **"Exhibit C"** is a copy of the Affidavit of Service [ECF Doc. No. 37] and the Federal Express confirmation.

13.     It is imperative that the Trustee receives any and all documents in the Debtor's possession, specifically those listed in Exhibit A attached to the Subpoena, with regard to the documents pertaining to the Real Property, the death benefit and additional financial documents.

## BASIS FOR RELIEF

14.     Section 521(a)(3) of the Bankruptcy Code provides "the debtor shall..cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title". 11 U.S.C. §521(a)(3).

15.     Section 541(a)(1) of the Bankruptcy Code provides "the commencement of a case under section 301, 302, or 303 of this title created an estate. Such estate is comprised of all of the following property, wherever located and by whomever held... (1) except as provided in subsections (b) and (c)(2) of this section, all legal and equitable interest of the debtor in property as of the commencement of the case". 11 U.S.C. §541(a)(1).

16.     Bankruptcy Rule 4002(a)(4) states "in addition to performing other duties prescribed by the Code and rules, the debtor shall.. cooperate with the trustee in preparation of an inventory, the examination of proofs of claim, and the administration of the estate". Bankruptcy Rule 4002(a)(4).

17.     Clearly, the Debtor has a duty under the Bankruptcy Code to immediately to cooperate with the Trustee in order for the Trustee to carry out his fiduciary duties.

18.     By virtue of the foregoing, it is respectfully requested that an Order be entered directing the Debtor to cooperate with the Trustee, produce documents and appear for examination.

8823235.1

19.     As the issues herein are neither novel nor difficult and the Trustee cites to the relevant statutory and case law, the Trustee respectfully submits that a memorandum of law is not necessary in this instance pursuant to Local Bankruptcy Rule 9013-1(a).

**WHEREFORE**, in view of the foregoing, it is respectfully requested that an Order be entered (i) directing the Debtor to cooperate with the Trustee, comply with the Subpoena Pursuant to Rule 2004 Examination dated December 29, 2025 and served on December 29, 2025, and Order Authorizing Examination and Production of Documents of the Debtor Pursuant to Bankruptcy Rule 2004 entered on November 18, 2025, turnover the documents requested therein and appear for an examination, pursuant to 11 U.S.C. §§105, 521, 541, and Rule 4002 and 9016 of the Federal Rules of Bankruptcy; and (ii) for such, other further and related relief as the Court deems just, proper and equitable.

Dated: East Meadow, New York
         April 17, 2026

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Counsel to the Chapter 7 Trustee

By:     /s/ Richard J. McCord_____
         **RICHARD J. MCCORD, ESQ**.
         90 Merrick Avenue
         East Meadow, New York 11554
         Phone: (516) 296-7000

8823235.1