# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT

EASTERN _____ District of ____NEW YORK____

In re ____ALBERT LAU,_____
                    Debtor

Case No. __25-43298-ess____

Chapter ____7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ____ALBERT LAU_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE  CERTILMAN BALIN ADLER & HYMAN, LLP<br>90 MERRICK AVENUE, 9TH FLOOR<br>EAST MEADOW, NEW YORK 11554 | DATE AND TIME<br>DOCUMENTS TO BE PRODUCED BY:<br>JANUARY 16, 2026 AT 10:00 A.M.<br>EXAMINATION WILL BE HELD VIRTUALLY ON:<br>JANUARY 23, 2026 AT 11:00 A.M. * |
|---|---|

*PLEASE CONTACT THIS OFFICE IN ADVANCE OF THE EXAMINATION TO RECEIVE THE LINK FOR THE VIRTUAL EXAMINATION.

The examination will be recorded by this method: _____COURT REPORTER_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

PURSUANT TO ORDER AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTS OF THE DEBTOR PURSUANT TO BANKRUPTCY RULE 2004, SIGNED BY THE HONORABLE ELIZABETH S. STONG ON NOVEMBER 18, 2025, PROVIDE COPIES OF ALL DOCUMENTS REFLECTED ON EXHIBIT A ANNEXED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __1/29/25__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* RICHARD J. MCCORD, CHAPTER 7 TRUSTEE who issues or requests this subpoena, are:

CERTILMAN BALIN ADLER & HYMAN, LLP, 90 MERRICK AVENUE, 9TH FLOOR, EAST MEADOW, NEW YORK 11554, ATTN: RICHARD J. MCCORD, (516) 296-7801, RMCCORD@CERTILMANBALIN.COM

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

Albert Lau
Chapter 7
Case No.: 1-25-43298-ess

### *DOCUMENTS REQUESTED IN CONNECTION WITH 2004 EXAMINATION OF ALBERT LAU*

1. Documents pertaining to your fathers death benefit;
2. Copies of statements for all your bank accounts for the period from July 2024 through August 2025, includes copies of cancelled checks;
3. With regard to the real property located at 3-24 150th Street, Whitestone, New York ("Real Property"), documents from the purchase, deed, current mortgage statement, appraisal and proof of insurance;
4. If the Real Property has tenants, please provide copies of all leases and rent rolls;
5. 2024 Federal and New York State Income Tax Return;
6. List of all your creditors and those creditors held jointly with your wife including addresses;
7. Name, address and telephone number of your estranged wife;
8. Copy of your current credit report;
9. Copy of the listing agreement pertaining to the listing of the Real Property with EXP Realty;
10. Copies of any leases for tenants residing at the Real Property and rent roll;
11. Proof of the funds for the account holding his father's death benefit in the amount of $250,000.00;

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

ALBERT LAU,

Chapter 7

Case No.: 1-25-43298-ess

Debtor.

-------------------------------------------------------------x

## ORDER AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTS OF THE DEBTOR PURSUANT TO BANKRUPTCY RULE 2004

**UPON THE APPLICATION HAVING BEEN MADE** (Dkt. No. 23) by Richard J. McCord, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Albert Lau (the "Debtor"),by and through his proposed counsel, Certilman Balin Adler & Hyman, LLP, seeking an Order, (i) authorizing the Debtor, to appear, produce documents, and be examined upon oral deposition under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing the Trustee to issue one or more Subpoenas to compel the production of documents from the Debtor, and to compel the Debtor, to appear for a deposition, by overnight mail, upon the Debtor at 3-24 150th Street, Whitestone, New York 11357; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable (the "Application"); and upon sufficient cause appearing therefore, and it appearing that the entry of this Order is in the best interest of the Debtor's estate; and no adverse interest appearing; it is hereby

**ORDERED,** that the Trustee is authorized to issue one or more subpoenas to compel the production of documents from the Debtor, and to compel the Debtor to appear for a deposition; and it is further

**ORDERED**, that subject to agreement between the Trustee and the Debtor, the Debtor's time to produce documents requested by, object to, move to quash, or otherwise respond to the subpoena shall be the time established by Rule 45 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 9016; and it is further

**ORDERED**, that within seven (7) days of service, the Trustee shall file with the Court an affidavit or declaration of service for each subpoena the Trustee serves; and it is further

**ORDERED**, that the court may retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

Dated: Brooklyn, New York
November 18, 2025



Elizabeth S. Stong
United States Bankruptcy Judge

8672102.1