UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Chapter 7

ALBERT LAU,

Case No.: 25-43298-ess

Debtor.
-----------------------------------------------------------X

**DECLARATION UNDER LBR 9077-1 IN SUPPORT OF TRUSTEE'S APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 (I) APPROVING  (A) BIDDING PROCEDURES FOR THE SALE OF THE REAL PROPERTY LOCATED AT 3-24 150TH STREET, WHITESTONE, NEW YORK 11357; (B) DESIGNATION OF STALKING HORSE BIDDER, (C) BID PROTECTIONS IN FAVOR OF THE STALKING HORSE BIDDER, (D) DATE AND TIME FOR AN AUCTION AND A HEARING FOR APPROVAL OF THE SALE, AND (E ) THE FORM AND MANNER OF NOTICE THEREOF; (II) AN ORDER APPROVING THE SALE OF THE REAL PROPERTY LOCATED AT 3-24 150TH STREET, WHITESTONE, NEW YORK 11357 FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND <u>OTHER INTERESTS; AND (III) SHORTENING TIME FOR NOTICE</u>**

Richard J. McCord, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.        I am a member of Certilman Balin Adler & Hyman, LLP, attorneys for Richard J. McCord, Esq., the Chapter 7 Trustee of Albert Lau  (the "Debtor") and submit this declaration pursuant to Local Bankruptcy Rule 9077-1(c) in support of the Trustee's  request that the Court schedule a hearing on shortened notice (the "Hearing") to consider the Trustee's application (the "Application") seeking the entry of an Order pursuant to 11 U.S.C. §§ 105, 363 and Rules 2002, 6004, 9004 and 9006 (c)(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), (i) authorizing the Trustee to sell the real property located at 3-24 150th Street, Whitestone, New York 11357 (the "Whitestone Property"), pursuant to the terms as set forth in the Contract of Sale between "Richard J. McCord, as Chapter 7 Trustee for the Estate of Albert Lau." as seller, and "61 Nison Badalov LLC, as purchasers ("Proposed Stalking Horse Purchaser") and executed by

1

Proposed Stalking Horse Purchaser on June 8, 2026, for the total sum of One Million Two Hundred Thousand Dollars ($1,200,000.00) (the "Purchase Price") subject to higher and betters offers at public auction, free and clear of all liens, claims, encumbrances and other interests, with such liens, claims, encumbrances and other interests (collectively, the "Liens") to attach to the net proceeds of sale with the same validity and priority as such Liens had prior to the sale; (ii) as part of the sale, assuming and assigning any and all leases and/or tenancies, if any, for any occupants in the Whitestone Property; (iii) scheduling a hearing to approve the sale of the Whitestone Property to the successful bidder; (iv) approving terms and conditions for submitting offers and approving the form and manner of notice with respect to the hearing; (v) approving shortened notice for the requested relief pursuant to Section 105 of the Bankruptcy Code ad Bankruptcy Rule 9006 (c)(1); and (vi) granting such other, further and different relief as this Court deems just, proper and equitable (the "Motion").

2.      I was appointed the Chapter 7 Trustee of the Estate of Albert Lau (the "Debtor's Estate") on July 10, 2025 (the "Filing Date").  At the time of that appointment, the Debtor was the owner of real property located at 3-24 150th Street, Whitestone, New York 11357 (the "Whitestone Property").

3.      Prior to the Filing Date, a foreclosure action was commenced by secured creditor, Abacus Federal Savings Bank ("Abacus") in the Supreme Court of the State of New York, County of Queens, under Index Number 723631/2022.  Abacus obtained a Judgment of Foreclosure and Sale on October 22, 2024. On June 3, 2025, the Notice of Sale was served and scheduled the auction sale for July 11, 2025. The Debtor filed this Chapter 7 case one day prior to the sale, and the sale was stayed.

10039983.1

4. On August 18, 2025, counsel for Abacus filed the Motion to Confirm Termination or Absence of Stay regarding 3-24 150th Street, Whitestone, New York 11357 ("Motion for Relief")(Dkt. No. 17).

5. Counsel for the Trustee filed a Limited Objection to the Motion for Relief taking into consideration the amount of equity in the Whitestone Property and requesting that the Motion be adjournment for ninety days to allow the Trustee time to retain a real estate broker to market and sell the Whitestone Property (Dkt. No.22). The Motion for Relief was adjourned to March 31, 2025.

6. Pursuant to Court Order dated November 6, 2025, MYC & Associates, Inc. ("MYC") were retained at real estate brokers to the Trustee to sell the Whitestone Property.

7. Since MYC's employment as real estate broker to the Trustee, MYC has been vigorously marketing the Whitestone Property. The Trustee and MYC have faced many challenging obstacles in connection with the marketing of the Whitestone Property. MYC has not been granted any access to the Whitestone Property by the occupant, which upon information and belief, is the estranged wife of the Debtor. To date, the Debtor and the occupant have not cooperated with the Trustee.

8. On March 10, 2026, the Trustee filed the Motion to Compel *and Application in Support for an Order (i) Directing the Debtor and Michelle Addeo a/k/a Michelle Lau to Cooperate with the Trustee and Allow Access to the Debtor's Real Property Located at 3-24 150th Street, Whitestone, New York 11357; (ii) Cooperate with the Trustee in the Marketing and Sale of Same; and (iv) Shortening Time for Notice* (Dkt. No. 41). The Order was entered granting the shortened notice, and the hearing was scheduled for March 31, 2026. The Motion to Compel was granted, but the Order has not yet been entered.

3

9. MYC has received over one hundred (100) inquiries regarding the Whitestone Property and receives multiple calls per day. MYC has had over three (3) dozen requests for showings with at least six parties who would have made an offer if they had access.

10. Time is of the essence to sell the Whitestone Property. On April 7, 2026, the Order Confirming that the Automatic Stay is Modified (Dkt. No. 46) was entered and would be effective thirty (30) days from the date of entry. The Trustee has obtained property and liability insurance on the Whitestone Property and is incurring a monthly expense of $742.10.

11. Upon receiving the offer from the proposed stalking horse bidder, the Trustee reached out to counsel for Abacus to obtain consent for the Trustee to proceed with the sale of the Whitestone Property. Abacus consents to the sale of the Whitestone Property, but the sale must be completed by July 31, 2026.

12. Prior to the Filing Date, the Debtor was in default to the secured creditor and failed to make any mortgage payments for several years. The sale of the Whitestone Property would satisfy Abacus.

13. If the Court signs the proposed order scheduling hearing, the Trustee will serve promptly notice of the Hearing, (i) Office of the United States Trustee, Eastern District of New York; (ii) Counsel for the Debtor (iii) the Debtor; (iv) Counsel for the Secured Creditor; (v) Counsel for the Current Purchaser; (vi) occupant of the Whitestone Property, and (vii) all parties having filed notices of appearance in this case as of the day immediately preceding the date of the Motion and upon all other creditors and parties in interest not mentioned above. The Trustee proposes to serve a full copy of the Motion via first class mail on all other parties in interest. The Trustee requests that the Court permit objections to be raised at the Hearing. I believe that, under the circumstances, shortened notice is reasonable.

4

14. For all of the above reasons, I respectfully submit that cause exists to shorten notice of the hearing to approve the Motion. I declare under penalty of perjury that the foregoing is true and correct.

Executed in East Meadow, New York on June 15, 2026

_/s/ Richard J. McCord_____
Richard J. McCord, Chapter 7 Trustee

10039983.1