# LAW OFFICE OF CHARLES A. HIGGS

100 S. Bedford Rd., Ste. 340, Mount Kisco, New York 10549
Tel: (917) 673-3768 • Charles@FreshStartESQ.com

July 7, 2026

In re: Albert Lau
EDNY Bankr. Case No. 25-43298-ess

Re: Sale Motion/521(i) Dismissal

Dear Judge Stong,

I am counsel for the Debtor in the above bankruptcy case. I write this letter to advise the Court that my client remains opposed to the proposed sale of the property at 3-24 150th Street, Whitestone, NY. My Client further maintains his position that Section 521(i) requires that this case be dismissed, that such dismissal is triggered automatically, and that such dismissal is not discretionary. In this case a final notice of Section 521 deficiencies was entered on the docket on August 6, 2025 [ECF Doc. No. 15] and was not cured.

"Section 521(i)(1) does not require any action by the court or anyone else. Much like Cinderella's pumpkin at midnight, if the required information has not been filed by the statutory deadline the magic ends and the case is automatically dismissed by operation of law on day 46. . . . Since the dismissal is not an act or decision of the court, there is nothing to "reconsider" or, in the language of Rule 59, nothing to alter or amend. Similarly, there is no order or judgment that the court can give relief from, due to some kind of mistake, surprise, or excusable neglect, so that the debtor can have a second chance to do things right. The language of the statute is clear and simple, "the case shall be dismissed on the 46th day" and the court has no discretion to do otherwise."

*In re Alfau*, EDNY Bankr. Case No. 18-70983 (Bankr. E.D.N.Y. May 7, 2024) quoting *In the Matter of Lugo,* 592 B.R. 843, 846 (Bankr. N.D. Ind. 2018)

"[A] statute written by Congress almost always takes precedence over the rules of procedure established by the Judiciary." *In re Alfau quoting In re Young,* No. 06-80397, 2006 WL 3524482, at *3 (Bankr. S.D. Tex. Dec. 6, 2006); *see also In re Wilkinson*, 346 B.R. 539, 545 (Bankr. D. Utah 2006) ("Although the Court certainly acknowledges the applicability of equitable powers and the

doctrine of "relation back" in particular contexts, the Debtor's statutory duty under § 521(a)(1) to file certain documents is both clear and unforgiving. In this case, either all pay advices received by the Debtor were timely filed with the Court or they were not. They were not, and specific consequences follow therefrom. The Court simply cannot do violence to a specific statutory scheme in the name of equity.")

Based on the above, it is submitted that the Sale Motion must be denied, as failure to comply with Section 521(i) results in automatic dismissal. To the extent the Court disagrees that dismissal was automatic, the result remains that the case must be dismissed, and that such dismissal is not discretionary.

/s/ Charles A. Higgs