**DAHIYA LAW OFFICES LLC**
111 John Street, Suite 1860 · New York, New York 10038 · (212) 766-8000 ·
karam@dahiya.law

September 30, 2026

**VIA ECF AND EMAIL**
Hon. Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court, Eastern District of New York
271-C Cadman Plaza East, Brooklyn, New York 11201

**Re: In re Albert Lau, Case No. 1-25-43298-ess (Chapter 7) — Request for Guidance on the Conduct of the Rule 2004 Examination Resuming Today at 2:00 p.m.**

Dear Judge Stong:

This firm represents the Debtor, Albert Lau, and Michelle Addeo. We write, as the Court has directed, because the parties have reached an impasse in the Rule 2004 examination of the Debtor. The examination began today and is scheduled to resume at 2:00 p.m. We respectfully ask for the Court's guidance before it resumes, or for a brief telephone conference.

**1. The impasse.**

Mr. Lau appeared this morning, as the Scheduling Order requires [ECF No. 67], and he is answering questions. When counsel sought to state the Debtor's objections and reservation of rights, the Trustee took the position that counsel may not object or state any protest. He asserted that the Trustee alone controls a Rule 2004 examination and that the Debtor's objections were waived because they were not filed in advance. He also declined to permit counsel to ask any clarifying questions. The Debtor does not seek to obstruct the examination or to make speaking objections. He asks only that counsel be allowed to note brief objections and to instruct the witness not to answer where a privilege applies. The Trustee does not agree.

**2. Why the objections matter now.**

On September 14, 2026, the Debtor filed a motion to dismiss this chapter 7 case under 11 U.S.C. § 707(a), with alternative relief under §§ 521(i), 109(h), 305(a), 554(b) and 706(a) [ECF No. 68]. It is returnable before the Court on October 6, 2026 at 10:30 a.m. The Trustee's Sale Motion [ECF No. 50], returnable October 2, is also pending. Both are contested matters. In his objection to the Motion to Dismiss, filed shortly after midnight today, the Trustee states that "[t]o the extent the Debtor appears for his examination on September 30, 2026, the Trustee will seek to supplement the record with any testimony the Debtor provides" [ECF No. 70 ¶ 15]. The testimony is therefore being taken for use in a pending contested matter, where Rule 9014(c) and Rules 7026–7037 apply. See In re Enron Corp., 281 B.R. 836 (Bankr. S.D.N.Y. 2002). If brief objections cannot be noted, the Debtor will have no record on which to address that use.

**3. Related developments.**

No proof of claim has been filed in this case [ECF No. 65 ¶ 14]. On September 29, 2026, the Trustee filed a claim in the Queens foreclosure action to the surplus from the October 9, 2026 referee's sale that Abacus has noticed (NYSCEF Doc. Nos. 76, 78). At the same time, the Trustee's broker continues to list the property publicly at $1,350,000 as "Active Under Contract" and "to be delivered vacant at closing," although Ms. Addeo resides there and the only contract before the Court is at $1,200,000 [ECF No. 55]. Ms. Addeo, a non-debtor, did not appear. No witness fee was tendered under Rule 2004(e), no affidavit of service of a subpoena on her appears on the docket [see ECF No. 47], and her August 25 objections remain unresolved. She remains willing to appear on proper tender or as the Court directs.

**4. The guidance requested.**

The Debtor respectfully asks that the Court:

(a) confirm that counsel may state brief, non-argumentative objections on the record, and may instruct the witness not to answer on grounds of privilege, while the examination proceeds;

(b) confirm that no objection is deemed waived by reason of not having been filed before the examination;

(c) reserve for the Court, on notice, any question of whether today's testimony may be used in the pending Sale Motion or Motion to Dismiss; and

(d) alternatively, if the Court prefers, adjourn the balance of the examination to a date after the October 2 hearing, at which the Court can address these issues.

The Debtor is prepared to continue at 2:00 p.m. on the terms in (a) through (c), and counsel is available for a telephone conference at the Court's convenience. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Karamvir Dahiya
Karamvir Dahiya, Esq.
Counsel for the Debtor, Albert Lau, and for Michelle Addeo

cc (via ECF and email): Richard J. McCord, Esq., Chapter 7 Trustee; Robert D. Nosek, Esq.; Robyn E. Goldstein, Esq. (counsel for Abacus Federal Savings Bank); Office of the United States Trustee

***The Court will address this letter and the relief requested therein at the hearing on the Trustee's Motion to Sell, ECF No. 50, presently scheduled for October 2, 2026, at 1:00 p.m. Opposition to this letter, if any, may be stated at the October 2, 2026, hearing, and a schedule for the filing of written opposition may be set at that time.***

***It is so ordered.***

**Dated: Brooklyn, New York**
**September 30, 2026**

Elizabeth S. Stong
United States Bankruptcy Judge